UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CODY BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1514** |
| **DARREL VANNOY, WARDEN** | **SECTION: "J"(5)** |

## ORDER & REASONS

Before the Court is the Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 18)** and Petitioner's *Objection* **(Rec. Doc. 19)**. Having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Plaintiff's Objection, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

## FACTS AND PROCEDURAL BACKGROUND[1]

Petitioner was convicted of possession with the intent to distribute heroin and possession with the intent to distribute cocaine and was sentenced to thirty years imprisonment on both counts at the trial court level. Subsequently, the State filed a multiple bill of information, and the trial court held a multiple bill hearing and adjudicated Petitioner as a second-felony offender. The trial court vacated his sentence on count one (heroin) and sentenced him as a second-felony offender to fifty years' imprisonment to be served without benefit of probation or suspension of

---

1 The following facts are synthesized from Petitioner's *Memorandum in Support of Application for Writ of Habeas Corpus.* (Rec. Doc. 3-1, at 3–4) and Magistrate Judge North's *Report and Recommendation* (Rec. Doc. 18, at 1–5).

sentence.

Following a remand to resolve Petitioner's subsequently filed motions for a new trial and to reconsider sentences, and subsequent appeal, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence. *State v. Brown*, 202 So. 3d 1203 (La. Ct. App. 5 Cir. 2016). The Louisiana Supreme Court denied Petitioner's application for writ of certiorari. *State v. Brown*, 256 So. 3d 276 (La. 2018). The United States Supreme Court also denied a petition for writ of certiorari. *Brown v. Louisiana*, 139 S. Ct. 2033 (2019).

In October of 2019, Brown filed an application for post-conviction relief with the state district court stating that (1) he was denied effective assistance of trial counsel and (2) was denied the right to a public and fair trial. The state district court denied the former and procedurally barred the latter. Specifically, the public and fair trial claim was denied pursuant to Louisiana Code of Criminal Procedure article 930.4(C), which bars claims that were raised at the trial court level but not on appeal. (Rec. Doc. 17-1, at 10). The Louisiana Fifth Circuit denied Petitioner's supervisory writ, and the Louisiana Supreme Court again denied relief.

On July 30, 2021, Petitioner submitted the instant federal application for habeas corpus relief, asserting the same deficiencies as in his state court proceedings. (Rec. Doc. 3). The State of Louisiana concedes that the federal petition was timely filed, and the claims have been exhausted by the state courts. (Rec. Doc. 16, at 9–10). The State of Louisiana responds with the same arguments that Petitioner's claims of (1) ineffective assistance of trial counsel and (2) denial of a public and fair trial are

without merit and procedurally barred, respectively. (*Id.* at 8–11). In the *Report and Recommendation*, Magistrate Judge North reached the same conclusion for each alleged deficiency as did the State. (Rec. Doc. 18, at 14, 30). Subsequently, Petitioner filed the *Objection* now before the Court.

## PARTY'S ARGUMENTS

In his *Objection*, Petitioner challenges Magistrate Judge North's findings on his denial to a public and fair trial. (Rec. Doc. 19, at 2). Specifically, Magistrate Judge North found that Petitioner was subject to an express state law bar against his public and fair trial claim, and that Petitioner is conflating Louisiana Code of Criminal Procedure articles 930.4(C) and 841(A) to overcome that bar, where 841(A) was never originally applied in the state post-conviction review. (Rec. Doc. 18, at 13).

Petitioner now objects on the grounds that the State cannot simply apply certain bars while ignoring other statutory laws. (Rec. Doc. 19, at 2). Further, Petitioner argues that article 930.4(C), invoked to procedurally bar the public and fair trial claim, was not applicable in the first place because the claim had not been raised at the trial level. (*Id.*). Petitioner argues that that claim "could not possibly have been presented on appeal," hence its appearance for the first time in post-conviction proceedings. (*Id.*).

## LEGAL STANDARD

A judge may designate a magistrate judge to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of applications for posttrial relief made by individuals convicted of criminal

3

offenses. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

## DISCUSSION

Petitioner's objection to Magistrate Judge North's proposed bar on review of the public and fair trial claim, is without merit. Federal courts reviewing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). Independent means "independent of the merits of the federal claim" *Rocha v. Thaler*, 626 F.3d 815, 821 (5th Cir. 2010) (quoting *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). Specifically, the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). Adequate means that the rule is strictly or regularly applied evenhandedly to the vast majority of similar claims. *See Walker v. Martin,* 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)); *Rocha*, 626 F.3d at 821 (quoting *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)).

In the instant case, the state court clearly and expressly cited a state procedural rule, Louisiana Code of Criminal Procedure article 930.4(C), in its

4

determination that Petitioner's public and fair trial claim should be barred. (Rec. Doc. 17-1, at 10). These grounds are entirely independent of federal law, and the state court was not faced with questions of federal law in Petitioner's state application for post-conviction relief. (Rec. Doc. 17-1). Additionally, this Court has repeatedly found article 930.4(C) to be regularly and evenhandedly applied by the State in similar cases. *Faciane v. Kent*, No. 20-809, 2020 WL 6489577, at *8 (E.D. La. Oct. 14, 2020); *Johnson v. Cain*, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012); *Taylor v. Cain*, No. 07–3929, 2008 WL 4186883, at *16 (E.D. La. Sep. 10, 2008). It therefore follows that the State applied its procedural bar in a way that does not warrant federal review at this stage. Whether the State erred in applying one bar over another, or has misapplied its own laws, is beyond this Court's discretion. *See Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Dec. 5, 2011).

A habeas petitioner may nevertheless be entitled to federal review if he or she can show "cause" for the procedural default and "prejudice attributable thereto." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). To fulfill this requirement, a petitioner must show "something external to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). Additionally, oversight by a petitioner's counsel in failing to raise or recognize a post-conviction claim, or missing procedural deadlines, do not constitute cause for procedural default. *Coleman*, 501 U.S. at 280–81; *Murray*, 477 U.S. at 486. Where a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice.

5

*Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). A petitioner alternatively must show that applying the procedural bar would result in a fundamental miscarriage of justice. *Murray*, 477 U.S. at 485. Fundamental miscarriages of justice are "limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Here, in his original application for federal post-conviction relief (Rec. Doc. 3-1), and instant *Objection* (Rec. Doc. 19), Petitioner raises no cause for procedural default. He has failed to point to any factors external to the defense that prevented him from raising his claim in a procedurally proper fashion on appeal or otherwise, the very reason the State barred his claim post-conviction under 930.4(C). Any failures on the part of Petitioner's counsel in raising or recognizing the claim similarly do not apply. Additionally, Petitioner has not pointed to any action or omission by the State that prevented him from raising his claim properly.

Petitioner has likewise failed to offer any factual evidence of his innocence. Rather, his challenges are concerned with his counsel's performance at trial and the evidence put on by the defense. (Rec. Doc. 3-1, at 4–5). Therefore, he has additionally not carried his burden of showing that this Court's failure to consider his barred claim will result in a miscarriage of justice.

The State of Louisiana's application of the article 930.4(C) procedural bar to Petitioner's claim was independent and adequate. Petitioner has failed to meet the cause and prejudice standard for procedural default, and he has not attempted to

prove his actual innocence such that excluding his barred claim would be a miscarriage of justice by this Court. Petitioner's objection to Magistrate Judge North's findings are without merit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Objection* **(Rec. Doc. 19)** is **OVERRULED**.

**IT IS FURTHER ORDERED** the petition of Cody Brown for issuance of a writ of habeas corpus under 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of April, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE